IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BRADLEY MICHAEL DAVIS,            )
                                 )
                Plaintiff,       )
                                 )
v.                               ) Case No. CIV-23-229-JFH-JAR
                                 )
JASON RITCHIE, Sheriff of        )
Adair County, in his official    )
and individual capacities;       )
AUSTIN VAUGHN, in his official   )
and individual capacities; and   )
DAVID MAHLER, in his official    )
and individual capacities,       )
in his official capacity;        )
                                 )
                Defendants.      )

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on a review for Plaintiff's compliance with this Court's Order to Show Cause entered February 1, 2024. This case was referred to the undersigned by United States District Judge John F. Heil, III on July 10, 2023.

Plaintiff initiated this case acting *pro se* on July 10, 2023. Plaintiff alleges a civil rights violation under 42 U.S.C. § 1983 for excessive force against Defendants. Plaintiff requests

> a (sic) order for investigation into this complaint. Requesting a full physical and phycological (sic) exam. Requesting a (sic) investigation by the attorney generals (sic) office into excessive force. Requesting nominal, declaratory awards, attorneys fees, filing fees, compensation of relief for pain and suffering and punitive damages at: $2,000,000 million." (Docket Entry #1).

Plaintiff was granted *in forma pauperis* status by Order entered August 15, 2023. (Docket Entry #4). Plaintiff filed an Amended Complaint with leave of Court on January 16, 2024, adding claims for the failure to intervene and municipal liability. (Docket Entry #36).

On December 12, 2023, this Court entered a Scheduling Order to govern the actions of the parties in this litigation. (Docket Entry #26). Among the deadlines set out in the Order was the requirement that the parties exchange and file preliminary witness and exhibit lists by January 12, 2024. Defendants filed their lists in a timely manner. Plaintiff filed nothing.

By Order entered February 1, 2024, this Court found that Plaintiff had not complied with the Scheduling Order entered in this case. Specifically, the Court directed and informed Plaintiff as follows in the Order:

> Plaintiff shall show cause in writing no later than FEBRUARY 16, 2024 as to why this Court should not enter Findings and a Recommendation that this case be dismissed for the failure of Plaintiff to comply with a Court Order and the failure to timely prosecute the case. THE FAILURE TO FILE THE SHOW CAUSE REPORT IN WRITING BY THE DATE SPECIFIED SHALL RESULT IN THE ENTRY OF FINDINGS AND A RECOMMENDATION THAT THIS ACTION BE DISMISSED WITHOUT FURTHER NOTICE OR HEARING.
>
> (Docket Entry #9).

The Clerk was directed to mail the Order to Plaintiff at his

2

last known address by return receipt.  On February 7, 2023, the
Clerk filed the return receipt signed by Plaintiff indicating that
he received a copy of the Order.   (Docket Entry #46). To date,
Plaintiff has neither shown cause in writing as to why this case
should not be dismissed nor filed his witness and exhibit lists.
Accordingly, Plaintiff has failed to prosecute this action and
failed to comply with this Court's Order.

"A district court undoubtedly has discretion to sanction a
party for failing to prosecute or defend a case, or for failing to
comply with local or federal procedural rules." AdvantEdge Bus.
Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236
(10th Cir. 2009) quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th
Cir. 2002).  When dismissing a case without prejudice, "a district
court may, without abusing its discretion, enter such an order
without attention to any particular procedures." Id. quoting
Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th
Cir. 2007).  Since Plaintiff has failed to comply with this Court's
Scheduling Order and failed to show cause why he did so, this Court
would recommend that the case be dismissed without prejudice.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action
be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiff's
failure to comply with this Court's Scheduling Order and failure

to comply with the Order to Show Cause.

The Clerk is directed to serve Plaintiff with a copy of these Findings and Recommendation by first class mail, return receipt at his address of record.

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the Court.  Any such objection shall be limited to ten (10) pages in length.  The failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 20th day of February, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

4