# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRADLEY MICHAEL DAVIS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> (1) JASON RITCHIE, Sheriff of Adair County, ) <br> in his official and individual capacities; ) <br> (2) AUSTIN VAUGHN, in his official and ) <br> individual capacities; and ) <br> (3) DAVID MAHLER, in his official and ) <br> individual capacities, ) <br> ) <br> Defendants. ) | Case No. CIV-23-229-JFH-JAR |

### REPORT AND RECOMMENDATION

This matter comes before the Court on a review of Plaintiff's compliance with this Court's Order entered April 30, 2024.

### I.   BACKGROUND

1. Plaintiff, acting *pro se*, initiated this action on July 10, 2023 pursuant to 42 U.S.C. § 1983, alleging excessive force in connection with his arrest on October 21, 2022. [Dkt. 1]. That same day, this case was referred to the undersigned by United States District Judge John F. Heil, III. [Dkt. 3].

2. Plaintiff filed an Amended Complaint with leave of Court on January 16, 2024, adding claims for failure to intervene and municipal liability. [Dkt. 36].

### *Plaintiff's Failure Respond to Dismissal Motions*

3. On January 24, 2024, Defendant David Mahler filed a Motion to Dismiss for Failure to State a Claim. [Dkt. 37].

1

4. On January 30, 2024, Defendant Jason Ritchie filed a Motion to Dismiss for Failure to State a Claim [Dkt. 40] and Defendant Austin Vaughn filed a Partial Motion to Dismiss for Failure to State a Claim [Dkt. 41].

5. On April 15, 2024, all Defendants filed a Joint Motion to Dismiss for Failure to Comply with Court Orders and Participate in Discovery and Motion to Strike All Deadlines Pending a Ruling on Pending Motions. [Dkt. 63].

6. Pursuant to LCvR 7.1(d), Plaintiff was required to file responses to Defendants' dismissal motions within fourteen (14) days of filing. He also had the option to seek additional time to respond under LCvR 7.1(g). Plaintiff did neither, thereby delayed prosecution of this case.

7. By Minute Order entered April 22, 2024, this Court granted Defendants' Motion to Strike All Deadlines Pending a Ruling on Pending Motions. [Dkt. 65].

8. On August 28, 2024, Ritchie and Vaughn filed a Motion for Order Deeming Confessed Ritchie's dismissal motion, Vaughn's partial dismissal motion, and Defendants' joint dismissal motion. [Dkt. 76].

9. On September 4, 2024, Mahler filed a Motion for Order Deeming Confessed his dismissal motion and Defendants' joint dismissal motion. [Dkt. 77].

### *Plaintiff's Failure to Participate in Discovery and Noncompliance with Court Orders*

10. On December 12, 2023, the Court entered a Scheduling Order to govern the actions of the parties in this litigation. Among the deadlines established included the requirement that discovery be completed on or before April 26, 2024. [Dkt. 26].

11.     Prior to entry of the Scheduling Order, Plaintiff filed a Motion for Discovery consisting of interrogatories and requests for production [Dkt. 7], which this Court denied as premature [Dkt. 12]. Plaintiff filed a second such motion on January 26, 2024 [Dkt. 38], which this Court struck for noncompliance with Rules 33 and 34 of the Federal Rules of Civil Procedure [Dkt. 45].[1] On April 26, 2024, Plaintiff filed a third discovery motion [Dkt. 67], despite the Court having struck all Scheduling Order deadlines four (4) days prior [Dkt. 65]. Defendants nevertheless responded to the third filing. [Dkt. 71; Dkt. 72].

12.     On December 29, 2023, Ritchie and Vaughn served interrogatories and requests for production on Plaintiff while he was incarcerated in Sequoyah County Jail. After the Court entered a January 2, 2024 Minute Order noting Plaintiff's updated address in Westville, Oklahoma [Dkt. 31],[2] those Defendants reissued their discovery requests on January 12, 2024. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Plaintiff was obligated to respond within thirty (30) days after being served. He has not done so, thereby further delaying prosecution of this case.

13.     The Scheduling Order further established a January 12, 2024 deadline for the parties to file and exchange preliminary witness and exhibit lists. [*Id*. at 1]. Defendants complied with this directive. [Dkts. 32-35]. Plaintiff did not.

---

[1] In addition, Plaintiff's discovery motions violate this Court's local rules. *See* LCvR 26.1 ("Depositions, interrogatories, requests for documents, [and] requests for admissions … shall not be filed with the Court Clerk unless on order of the Court …").

[2] By not properly notifying this Court or Defendants of changes to his contact information, Plaintiff violated this Court's local rules. *See* LCvR 5.6(a) ("All papers shall contain the name, mailing address, daytime telephone number, fact number, and e-mail address, if any, of the attorney or *pro se* litigant. If any of this information changes, the attorney or *pro se* litigant must notify the Court by filing the form provided by the Clerk and serving a copy on opposing counsel or *pro se* parties.").

14. By Order entered February 1, 2024, this Court found that Plaintiff had not complied with the Scheduling Order. Specifically, the Court's Order directed and informed Plaintiff as follows:

> Plaintiff shall show cause in writing no later than FEBRUARY 16, 2024 as to why this Court should not enter Findings and a Recommendation that this case be dismissed for the failure of Plaintiff to comply with a Court Order and the failure to timely prosecute the case. THE FAILURE TO FILE THE SHOW CAUSE REPORT IN WRITING BY THE DATE SPECIFIED SHALL RESULT IN THE ENTRY OF FINDINGS AND A RECOMMENDATION THAT THIS ACTION BE DISMISSED WITHOUT FURTHER NOTICE OR HEARING.

[Dkt. 43 at 2-3]. The Clerk was directed to mail the Show Cause Order to Plaintiff's Westville address. [*Id.* at 3]. On February 7, 2024, the Clerk filed the return receipt signed by Plaintiff indicating that he received a copy of the Order. [Dkt. 46].

15. By Findings and a Recommendation entered February 20, 2024, this Court found Plaintiff had not complied with the Show Cause Order and recommended that this action be dismissed without prejudice. [Dkt. 50 at 3]. The Clerk was directed to mail the Findings and Recommendation to Plaintiff's Westville address. [*Id.* at 4]. The Clerk filed the return receipt marked "unclaimed" on March 14, 2024, indicating that Plaintiff had not received a copy of the Findings and Recommendation. [Dkt. 56].

16. On February 22, 2024, Plaintiff filed a Motion to File Exhibit and Witness List Out of Time and advised the Court of his struggle to maintain housing, a job, or funds to access necessary legal materials. [Dkt. 51]. He filed his exhibit and witness lists that same day. [Dkt. 52; Dkt. 53]. Notably, the envelope containing these filings was mailed from Plaintiff's Westville address. *See* [Dkt. 51-1].

17. By Minute Order entered March 8, 2024, this Court withdrew the Findings and Recommendation entered February 20, 2024 and granted Plaintiff's Motion to File Exhibit and Witness List Out of Time. [Dkt. 54].

18. On March 11, 2024, counsel for Ritchie and Vaughn mailed a letter to Plaintiff inviting him to contact counsel to discuss any potential discovery disputes or otherwise respond to their clients' discovery requests on or before March 21, 2024 (*i.e.*, more than one month past the time prescribed by the Federal Rules of Civil Procedure). Delivery of counsel's letter was attempted on March 13, 2024 at Plaintiff's Westville address, but failed.

19. On March 12, 2024, Mahler mailed written discovery to Plaintiff consisting of interrogatories, requests for production, and requests for admission. Delivery was attempted the following day at Plaintiff's Westville address, but failed. Redelivery was attempted on March 21, 2024, but again failed. Plaintiff has yet to accept delivery of Mahler's discovery requests.

20. On March 18, 2024, Plaintiff was arrested on multiple drug-related offenses and booked into Washington County Detention Center in Fayetteville, Arkansas. *See* [Dkt. 63-1; Dkt. 63-2].[3]

21. On March 20, 2024, Ritchie and Vaughn issued to Plaintiff a Notice of Deposition and a Subpoena to Appear and Testify at 10:00 a.m. on April 12, 2024 at the Office of the County Commissioners for Adair County. Service was attempted at Plaintiff's Westville address by a licensed process server, but failed.

---

[3] By letter filed April 15, 2024, Plaintiff disclosed his custodial status and attempted to justify his failure to comply with deadlines and Court orders on that ground. [Dkt. 64].

22. Defendants filed a Joint Status Discovery Report on March 25, 2024, in which they recounted failed efforts to reach Plaintiff in order to facilitate his involvement. [Dkt. 57].

23. By Order entered April 30, 2024, this Court found that Plaintiff had failed to respond or seek an extension of time to Defendants' dismissal motions. [Dkt. 69]. Specifically, the Court's Order directed and informed Plaintiff as follows:

> Plaintiff shall show cause in writing no later than MAY 17, 2024 as to why the pending Motions to Dismiss should not be granted and the claims and parties referenced therein should not be dismissed. THE FAILURE OT FILE THE SHOW CAUSE REPORT IN WIRITNG BY THE DATE SPECIFIED SHALL RESULT IN THE ENTRY OF A REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT JUDGE PRESIDING OVER THIS CASE, RECOMMENDING THAT THE MOTIONS BE GRANTED AND THAT A DISMISSAL IN ACCORDANCE WITH THE RELIEF SOUGHT IN THE MOTIONS BE ENTERED, WITHOUT FURTHER NOTICE OR HEARING.

[*Id.* at 1-2]. The Clerk was directed to mail the Order to Plaintiff at Washington County Jail in Arkansas by return receipt. The Clerk filed the return receipt marked "unable to forward" on May 21, 2024, indicating that Plaintiff had not received a copy of the Show Cause Order. [Dkt. 73].[4]

## II. DISCUSSION

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009) (*quoting* Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir.

---

[4] *See* LCvR 5.6(a) ("Papers sent by the Court will be deemed delivered if sent to the last known address given to the Court.").

2002)); *see also* Fed. R. Civ. P. 41(b).[5] When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Id. (*quoting* Nasious v. Two Uknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). The factors to be considered by the Court in the exercise of its discretion include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

With respect to the first factor, prejudice to Defendants is manifest. Plaintiff has failed to provide notice of updated contact information, ignored dismissal motions without requesting extensions, disregarded Scheduling Order obligations, failed to comply with Show Cause orders, and abstained from discovery. Defendants have expended additional time and resources attempting to compel Plaintiff's compliance, and his unresponsiveness is exactly the type of prejudicial action the Federal Rules of Civil Procedure aim to prevent.

Second, the judicial process cannot function when a party refuses to participate. Plaintiff has halted this case for over one year by failing to respond to discovery, ignoring dispositive motions, and disregarding Court orders. Third, the record reflects willfulness rather than inability. As the Tenth Circuit explained,

---

[5] Rule 41(b) has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

repeated failure to produce materials within a party's control is strong evidence of willfulness and bad faith. *See* Lee v. Max Int'l, LLC, 638 F.3d 1318, 1321 (10th Cir. 2011). Plaintiff's refusal to provide discovery, while at the same time filing three improper motions seeking discovery, underscores the willful nature of his conduct.

As to the fourth factor, this Court expressly warned Plaintiff in its April 30, 2024 Order that his failure to show cause in writing by the designated deadline "SHALL RESULT" in a recommendation that Defendants' dismissal motions be granted without further notice or hearing. Although evidently Plaintiff did not receive a copy of the Show Cause Order, it was mailed to his last known address, and Plaintiff bears the responsibility to keep his address current. *See* Theede v. U.S. Dep't of Labor, 172 F.3d 1262, 1265 (10th Cir. 1999) (finding the plaintiff bore responsibility for the inability to receive the court's filings because he failed to update his address). Additionally, "[a]s a party representing himself, it was [Plaintiff's] responsibility to keep himself apprised of the status of his case." Nitka v. Nelnet, Inc., 809 Fed. Appx. 491, 495 (10th Cir. 2020).

Plaintiff's persistent noncompliance with this Court's directives constitutes abandonment of his claims, undermines the efficient resolution of this litigation, and operates to the detriment of Defendants. *See* Link, 370 U.S. at 629-30 (noting a trial court's authority to dismiss an action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.") (footnote omitted).

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that this action be **DISMISSED WITHOUT PREJUDICE** to refiling. The parties are herewith given fourteen (14) days from the date of service of this Report and Recommendation to file any objections with the Clerk of the court. Any objection and response thereto shall be limited to ten (10) pages in length, and a reply is permitted only with leave of court upon a showing of good cause. Failure to object to this Report and Recommendation within fourteen (14) days will preclude review of this decision by the District Court. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

DATED the 4th day of September, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE